# Richmond

CITY OF ROANOKE v. IVAN R. YOUNG, ET AL.

March 4, 1968.

Record No. 6549.

Present, All the Justices.

*William B. Hopkins; J. N. Kincanon, City Attorney (William L. Martin; James E. Bucholtz, on brief), for plaintiff in error.*

*W. H. Jolly (Kime, Jolly, Winston & Clemens, on brief), for defendant in error.*

GORDON, J., delivered the opinion of the court.

This appeal is from the final order of a three-judge court annexing territory in Roanoke County to the Town of Salem. Because the crucial issue (in fact, the only issue we need decide) is whether another annexation proceeding should have been consolidated with this proceeding, we will set forth the material facts relating to both proceedings.

This proceeding was begun on October 11, 1965, when Ivan R. Young and others filed a citizens' petition in the Circuit Court of Roanoke County against the County and the Town of Salem, seeking the annexation to Salem of a 3.91 square mile area of the County. See Va. Code Ann. § 15.1-1034 (Repl. vol. 1964). Roanoke City, now the appellant, was permitted to intervene in this proceeding.

The other proceeding was begun on May 19, 1966, when Blanche W. Weddle and others filed a citizens' petition in the Circuit Court of Roanoke County against the County and Roanoke City, seeking the annexation to Roanoke City of a 2.33 square mile area of the County. See *id.*

The 2.33 square mile area that the Weddle petition sought to have annexed to Roanoke City included part of the 3.91 square mile area that the Young petition sought to have annexed to Salem.[1] The entire 3.91 square mile area was annexed to Salem by the final order from which this appeal was prosecuted.

Since the provisions of paragraph (a) of Code § 15.1-1037 control our decision, we will quote that paragraph before setting forth further facts concerning the proceedings:

"(a) When proceedings for the annexation of territory to a city or town are pending and a petition is filed seeking the annexation of the same territory or a portion thereof to another city or town the case shall be heard by the court in which the original proceedings are pending. The court shall consolidate the cases and hear them together, and shall make such decision as is just taking into consideration the interests of all parties to each case." Va. Code Ann. § 15.1-1037(a) (Repl. vol. 1964).

At a pre-trial conference on June 3, 1966, counsel for the Weddle petitioners moved the three-judge court, which had been designated to hear this proceeding (Va. Code Ann. § 15.1-1038 (Repl. vol. 1964)), to consolidate the Weddle proceeding with this proceeding. He also advised the court that he proposed to make the same motion in the Weddle proceeding, which would mature on June 30.

The court overruled the motion, and fixed June 15 as the cutoff date for the intervention of any additional interested party and July

[1] The 3.91 square mile area lies between the east corporate limits of Salem and the west corporate limits of Roanoke City, and extends from Interstate Route 81 on the north to the Roanoke River on the south. The 2.33 square mile area comprises a strip north of the Roanoke River, which is included in the 3.91 square mile area, and a larger strip south of the Roanoke River.

11 as the trial date for this proceeding. Counsel for Roanoke City excepted to the court's rulings, and renewed the motion for consolidation at the beginning of the trial of this proceeding on July 11. As recited in the final order entered August 17, 1966, from which this appeal was prosecuted, counsel for the City excepted to the overruling of the motions to consolidate.

Counsel for Salem contends that the court properly overruled the motion to consolidate because it was made before the Weddle proceeding had matured. We do not agree.

[1] Code § 15.1-1037(a) directs consolidation and the hearing of the consolidated proceeding by "the court in which the original proceedings are pending" if another petition is "*filed* seeking the annexation of the same territory or a portion thereof to another city or town". When the motion for consolidation was made on June 3, 1966, this proceeding was pending and the Weddle petition had been filed. So Code § 15.1-1037(a) expressly required the consolidation of the two proceedings. We cannot change the language of the statute, as Salem asks, to make it applicable only when two or more annexation proceedings involving overlapping territory have matured.

Furthermore, the motion to consolidate was renewed on July 11, after the Weddle petition had matured.

We hold therefore that the court erred in overruling the motions to consolidate. If, as Salem predicts, this holding will result in an unreasonable delay of decisions in annexation cases, the remedy lies in the amendment of Code § 15.1-1037(a). We therefore reverse the final order entered August 17, 1966, and remand this proceeding with direction that the proceeding entitled *Blanche W. Weddle, et al. v. City of Roanoke and County of Roanoke* be consolidated with this proceeding and that the special annexation court appointed herein proceed with a new trial in the consolidated proceeding.

[2] Our Rule 5:1, § 6(e), directs that "[n]othing shall be designated for printing that is not germane to an assignment of error", and provides that "[i]n case of infraction of this requirement this Court will make an appropriate order respecting payment of the cost of printing the record". The Rule is designed not only to avoid unnecessary printing costs, but also to furnish the Justices a printed record that contains only those matters they need consider in disposing of the issues presented.

Counsel for Roanoke City designated for printing, in addition to transcripts of the evidence (with certain exceptions), "[t]he entire record, as designated and indexed by the Clerk of the Circuit Court

of Roanoke County . . . [except the signature pages filed with the annexation petition and proofs of service and of publication]". The printed record, exclusive of the transcripts of the pre-trial conference and the evidence, consumes 86 pages.

Only a small portion of those 86 pages has any relevance to the issues raised by the City's assignments of error.[2] In no case did the City follow the mandate of Rule 5:1, § 6(e), that only those portions of pleadings to which the assignments of error relate shall be printed. Other examples of irrelevant material designated for printing by the City are: motions, orders, petitions, letters and a commissioners' report relating to the question whether the requisite number of qualified voters had signed the annexation petition (including letters from three commissioners tabulating the time they had spent in determining the number of qualified voters who had signed the annexation petition), and memoranda of authorities presented to the trial court in support of and in opposition to a motion to dismiss.

Because the City did not comply with Rule 5:1, § 6(e), our order will require the appellees to reimburse the City for only part of the cost of printing the record.

*Reversed and remanded.*

---

[2] In addition to the issue that we have disposed of, the assignments of error raised the issues whether the court should have sustained the City's motion to dismiss the proceeding because it was brought against the Town of Salem and Salem was in fact a city, whether the court erred in ruling that annexation was necessary and expedient, and whether the court erred in excluding evidence offered by the City.